En el Tribunal Supremo de Puerto Rico

| Wanda Colón Cortés y otros<br>Peticionaria<br><br>V.<br><br>Carlos I. Pesquera, Presidente de la<br>Autoridad de Carreteras y<br>Transportación de Puerto Rico<br>Recurrido | Certiorari<br><br>99 TSPR 117 |
| --- | --- |

Número del Caso: CC-1999-0495

Abogadas de la Parte Peticionaria:     Lcda. Jessica Rodríguez Martín
                                        Lcda. Aleida Varona Méndez

Abogados de la Parte Recurrida:     Lcdo. Luis A. Rivera Cabrera
                                    Lcdo. Raúl Castellanos Malavé
                                    Lcdo. Melvin Maldonado
                                    Lcda. Eileen Quintana Guerrero

Oficina del Procurador General:     Hon. Carlos Lugo Fiol,
                                    Procurador General

Tribunal de Instancia, Sala Superior de San Juan

Juez del Tribunal de Primera Instancia: Hon. Carmen Rita Vélez Borrás

Tribunal de Circuito de Apelaciones: Circuito Regional I San Juan

Panel Integrado por:     Hon. Rossy García
                         Hon. González Rivera
                         Hon. Ortíz Carrión

Fecha: 7/8/1999

Materia: Derecho Administrativo

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

# EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Wanda Colón Cortés y otros

Demandantes-peticionarios

vs.                                    CC-1999-495        CERTIORARI

Carlos I. Pesquera, Presidente
de la Autoridad de Carreteras
y Transportación de Puerto Rico

Demandados-recurridos

## RESOLUCION

San Juan, Puerto Rico a 8 de julio de 1999

A la solicitud de certiorari, radicada por la parte demandante peticionaria, se provee no ha lugar.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Negrón García inhibido. La Juez Asociada señora Naveira de Rodón emitió Voto Particular de Conformidad. El Juez Asociado señor Hernández Denton expediría. El Juez Asociado señor Fuster Berlingeri paralizaría las obras hasta tanto exista un dictamen judicial final y firme; emitió un Voto Disidente en cuanto a la decisión de la mayoría de no paralizar las obras *pendente lite*.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Wanda Colón Cortés y otros

    Apelados Peticionarios

        vs.                            CC-1999-495

Carlos I. Pesquera, Presidente
de la Autoridad de Carreteras y
Transportación de P.R., etc.

    Apelantes Recurridos

Voto Particular de Conformidad emitido por la Juez Asociada Señora Naveira de Rodón

San Juan, Puerto Rico, a 8 de julio de 1999

Respecto al caso de referencia, se nos solicita revoquemos una Resolución del Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito) de 1 de julio de 1999, mediante la cual, en auxilio de su jurisdicción, dejó sin efecto una orden de paralización del Tribunal de Primera Instancia, Sala Superior de San Juan contenida en una sentencia emitida el 25 de junio del corriente. El foro de instancia, luego de celebrar la correspondiente vista y oir a las partes, ordenó a "los demandados, Dr. Carlos I. Pesquera Morales presidente de la Autoridad de Carreteras y Transportación de Puerto Rico y a la

Autoridad de Carreteras y Transportación, sus agentes, empleados abogados y todo el que reciba notificación de la [sentencia] para que, de inmediato, se abstengan de llevar a cabo las obras de construcción de la 'Ruta 66' hasta tanto acrediten que, luego de cumplir con los requisitos de la ley, cuentan con una Declaración de Impacto Ambiental válidamente aprobada para dicho proyecto." Esta es la sentencia objeto del recurso de apelación ante el Tribunal de Circuito.

En su resolución el Tribunal de Circuito dispuso un trámite acelerado para resolver el recurso de apelación en los méritos. Es decir, acortó el término de treinta (30) días, que la Regla 22 del Reglamento del Tribunal Circuito de Apelaciones concede a los recurridos para presentar su alegato, a sólo quince (15) días. Véase, 4 L.P.R.A. sec. 16(b), Ap. XXII.

El asunto ante nos es uno de carácter interlocutorio. Se limita a determinar si el Tribunal de Circuito abusó de su discreción al dejar sin efecto la orden de paralización que emitiera el tribunal de instancia al resolver en los méritos el caso de mandamus e injunction que tenía ante su consideración.

Luego de examinar con detenimiento el recurso y su apéndice, entendemos que no hubo abuso de discreción alguno de parte del Tribunal de Circuito, razón por la que procede denegar el recurso en esta etapa de los procedimientos.

Ante las circunstancias previamente expresadas, estamos seguros que el Tribunal de Circuito resolverá este caso de forma prioritaria. Además, se sirven mejor los intereses de la justicia si nos abstenemos de intervenir con la discreción ejercida por el foro apelativo en esta etapa de los procedimientos.

De dicho Tribunal no darle al recurso presentado un trámite prioritario, la partes siempre tendrían disponible el recurso de mandamus ante este Tribunal. Véase, 32 L.P.R.A. sec. 3421 y ss.

Miriam Naveira de Rodón
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Wanda Colón Cortés, Etc.

    Apelados-Recurrentes

          vs.                CC-1999-495      Certiorari

Carlos I. Pesquera, Presidente
de la Autoridad de Carreteras y
Transportación de P.R., Etc.

    Apelantes-Recurridos

Voto Disidente emitido por el Juez Asociado señor FUSTER BERLINGERI

San Juan, Puerto Rico, a 8 de julio de 1999.

Debo expresarme una vez más respecto a la trayectoria procesal del caso de autos. Me refiero ahora al curso poco prudente autorizado por el reciente dictamen del foro apelativo, y avalado hoy por una mayoría de este Tribunal, respecto a las obras de construcción de la llamada Ruta 66.

El foro apelativo tiene ante sí la importante y sustancial labor de decidir si las obras referidas cuentan con una Declaración de Impacto Ambiental aprobada válidamente. Cualquiera que sea la decisión de dicho foro sobre el particular, el asunto seguramente volverá a nosotros para revisión. Mientras el foro apelativo resuelve el asunto, y mientras la parte que resulte perdidosa

en ese tribunal acude ante nosotros, los promoventes del proyecto en cuestión seguirán adelante con las obras, con mucha prisa, y aunque no haya recaído aún un dictamen judicial firme y final.

Por la magnitud del proyecto referido, y las alegadas graves consecuencias ambientales adversas de éste, los tribunales no deben realizar sus labores a la misma vez que las obras de construcción continúan. Estas deben paralizarse mientras los tribunales resolvemos los importantes asuntos planteados por la parte que impugna las obras referidas. No debemos colocarnos nosotros mismos en la azarosa situación de examinar la validez jurídica de un costoso proyecto público mientras éste sigue desarrollándose. Si luego resulta que la construcción carecía de los permisos necesarios, nos veremos en la odiosa disyuntiva de aceptar el _fait accompli_ aunque sea ilícito, o de ordenar la dispendiosa destrucción de una obra en la que se han invertido millones de dólares del pueblo.

Insisto una vez más que lo prudente en casos como éste, es ordenar la paralización de las obras hasta que concluya definitivamente el examen judicial del asunto impugnado. Los administradores de turno interesan que estos proyectos multimillonarios se realicen con toda celeridad. Ejercen grandes presiones para lograrlo, que incluyen la diatriba pública contra cualquier dilación, por justificada que sea. Pero los tribunales, por nuestra propia naturaleza, debemos resistir la prisa desmedida, para poder resolver con serenidad y cabal reflexión las cuestiones jurídicas que se nos plantean; y para que nuestros dictámenes no resulten ser académicos. No debemos exponernos a que nuestra objetividad, o nuestra credibilidad, quede comprometida.

En el caso de autos, el foro apelativo le está dando atención prioritaria al recurso ante su consideración. Lo mismo puede hacer este Tribunal en su día. Lo que no debemos permitir es que mientras resolvemos con premura, las obras impugnadas continúen realizándose. Para muchos, la falta de paralización de dichas obras causa que la autenticidad de nuestra función quede en entredicho. Es por ello que

disiento del dictamen de una mayoría de este Foro, mediante el cual se deniega la paralización de las obras mientras el asunto está pendiente en los tribunales.


JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO